IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Maurice Francise Neenan, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:09cv1243 (JCC/IDD) |
| ) | |
| Edith Sherman, ) | |
|     Defendant. ) | |

### MEMORANDUM OPINION

Maurice Francise Neenan, a Virginia inmate proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Edith Sherman was deliberately indifferent to his serious medical needs when she failed to send plaintiff to an outside dentist to treat plaintiff's gum disease. Am. Compl. 3. On July 20, 2011, defendant filed a Motion to Dismiss along with a supporting brief and exhibits. Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response on August 12, 2011. Accordingly, this matter is ripe for disposition. For the reasons that follow, the defendant's Motion for Summary Judgment will be granted and this action must be dismissed.

### I. Background

Plaintiff, who was formerly incarcerated at Rappahannock Regional Jail, alleges that on April 25, 2009, he submitted a medical request form, indicating that his gums were inflamed, bleeding, and painful. Am. Compl. at 1; ECF No. 7. On May 12, 2009, plaintiff was seen by an institutional dentist, who diagnosed plaintiff as suffering from periodontal disease and noted on a medical request form that "[plaintiff] has moderate to advance [sic] Periodontal Disease, teeth are loose, needs treatment, unable to do at R.R.J." Id. On May 15, 2009, plaintiff allegedly sent a request form to defendant Sherman, requesting the treatment recommended by

the dentist. Id. According to plaintiff, Sherman did not arrange for plaintiff to receive further dental treatment from an outside dentist even though it was recommended by the institutional dentist. Id. at 2.

It is undisputed that plaintiff was seen by an institutional dentist seven times during his incarceration at Rappahannock Regional Jail. See Decl. Joseph Higgs at ¶ 3; ECF No. 37. Three of plaintiff's dental appointments occurred after his May 15, 2009 request to see an outside dentist. Id. It is also undisputed that the treatment being sought by plaintiff was non-emergency medical treatment and defendant Sherman, who has no training in the dental field, was without authority to order non-emergency medical treatment outside of the Rappahannock Regional Jail. Id. at ¶ ¶ 5, 6.

Plaintiff alleges that he suffered further pain and infection as a result of being unable to visit an outside dentist. Am. Compl. at 3; ECF No. 7. As relief, plaintiff seeks $50,000 in damages and an order by the Court directing the jail to send plaintiff to an outside dentist for treatment. Id.

## II. Standard of Review

In reviewing a Motion for Summary Judgment, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" dispute as to a material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When a motion for summary judgment is made and supported by affidavits, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's

response must set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

### III. Analysis

#### A. Deliberate Indifference to Serious Medical Needs

To state a claim of inadequate medical care that rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, a plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or malpractice is not enough to state a constitutional violation; instead, plaintiff must allege and demonstrate "[d]eliberate indifference . . . by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Estelle, 429 U.S. at 106. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (citations omitted). Significantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

In this case, it is apparent that plaintiff's claim of deliberate indifference to his serious medical needs must be dismissed. The Court will assume that plaintiff's dental needs resulting from his gum disease constitute serious medical conditions warranting Eighth Amendment protection. However, the record demonstrates that defendant Sherman did not act with the requisite deliberate indifference to constitute an Eighth Amendment violation.

The record establishes that defendant Sherman was not a dental professional, and had no training or experience in the dental field. See Mot. Summ. J. at 5; ECF No. 37; Decl. Joseph Higgs ¶ 4. Furthermore, according to the record, the treatment sought by the defendant was deemed non-emergency dental treatment and defendant Sherman "did not have the authority to authorize non-emergency medical or dental treatment outside of the Rappahannock Regional Jail." Mot. Summ. J. at 5; Decl. Joseph Higgs ¶ 5; Neenan Dep. 11:5-8 (describing the requested treatment as a "deep cleansing behind the gums"). Without evidence in the record indicating that defendant Sherman had some ability to control plaintiff's access to an outside dentist, plaintiff cannot establish that defendant Sherman acted specifically and personally to deprive him of his constitutional rights. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'").

Furthermore, the record demonstrates that the medical staff at Rapphannock, including defendant Sherman, were not deliberately indifferent to plaintiff's dental needs. According to the record, plaintiff received treatment from an institutional dentist on September 23, 2008; October 14, 2008; March 23, 2009; May 12, 2009; July 7, 2009; September 29, 2009; and June 15, 2010. Mot. Summ. J. at 5; Decl. Joseph Higgs ¶ 3. Three of these treatments occurred after he filed the May 15, 2009, grievance requesting an appointment with an outside dentist. Therefore, contrary to plaintiff's allegations of deliberate indifference, the record establishes that

defendant Sherman did not ignore plaintiff's request for dental treatment and facilitated several visits to the institutional dentist. The fact that plaintiff apparently disagreed with the decision that he be treated by an institutional dentist as opposed to an outside dentist amounts to no more than a disagreement with medical personnel over the course of his treatment. Such a disagreement is insufficient to make out an Eighth Amendment cause of action. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

    B.    Qualified Immunity

Defendant also asserts that she is entitled to summary judgment on the basis of qualified immunity. Given that the defendant has established her entitlement to judgment as a matter of law, it is unnecessary for the Court to address defendants' arguments on the question qualified immunity.

### IV. Outstanding Motions

Also before the Court is defendant's Motion for Sanctions. In the Motion, defendant asks the Court to sanction the plaintiff by dismissing the case with prejudice due to plaintiff's failure to comply with the Court's May 19, 2011, Order which directed the plaintiff to respond to the defendant's outstanding discovery requests within fifteen (15) days. Because the defendant's Motion for Summary Judgment will be granted, the Motion for Sanctions will be dismissed as moot.

## V. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment will be granted, and summary final judgment will be entered in her favor. Defendant's Motion for Sanctions will be dismissed as moot. An appropriate order and judgment shall issue.

Entered this 12 day of January 2012.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia